Argued June 24, dismissed July 6, 1926.

# STATE ex Rel. JOHN H. CARSON, *v.* SAM A. KOZER et al.

(247 Pac. 806.)

**Certiorari.**

1. Writ of review can be allowed only by Circuit Court, in view of Constitution, Article VII, Section 2b, and Sections 603, 604, Or. L.

**Certiorari.**

2. The decision of Circuit Court as to ballot titles of acts to be submitted under initiative and referendum act is final, and writ of review does not lie to Supreme Court, in view of Constitution, Article 7, Section 2b and Sections 603, 604, Or. L.

**Appeal and Error—Certiorari.**

3. Appeal and review are not inalienable rights, but merely privileges which can be exercised only in cases clearly provided.

Courts, 15 C. J., p. 1004, n. 40, p. 1107, n. 4, 14.

Proceeding for writ of review.

For petitioners, *Mr. W. S. U'Ren.*

· For defendant Sam A. Kozer, *Mr. I. H. Van Winkle,* Attorney-General, and *Miss Grace E. Smith,* Assistant Attorney-General.

For defendant Cigar Dealers' Association, *Mr. Lawrence A. McNary.*

BURNETT, J.—The legislative assembly of the state at its thirty-third session enacted a law regulating the control and sale of certain tobacco products, providing for assessment and collection of an excise tax on sales, of the disposal of license fees and taxes, and other purposes not necessary to mention. Cer-

---

1. See 7 R. C. L. 1076.
3. See 2 R. C. L. 28.

tain persons named in the proceedings inaugurated a referendum against the law and to that end petitioned the Secretary of State to submit the matter to the Attorney-General for the preparation of ballot titles for the measure. The Attorney-General having prepared what he deemed to be sufficient for the purpose in view, the plaintiffs here complained to the Circuit Court of Marion County with a view of getting titles more suitable to their ideas in the matter. Such proceedings were had in that court that a demurrer to the complaint was sustained and the proceeding dismissed. The court further certified to the defendant Secretary of State ballot titles conforming to the determination of the Attorney-General on that matter. Thereupon the state, on the relation of the district attorney for the county of Marion, together with C. C. Chapman, sued out of this court, so far as might lawfully be done, a writ of review to determine the regularity of the proceeding in the Circuit Court.

As part of the amendment of Article VII of the Constitution, adopted by the people in 1910, it is laid down in Section 2–b of that article as follows:

"The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law. But. the supreme court may, in its own discretion, take original jurisdiction in *mandamus, quo warranto* and *habeas corpus* proceedings."

Under this section it is clear that the only original jurisdiction awarded this court by the fundamental law is in the proceedings last above named. It has no authority to entertain an original proceeding in the matter of review. Moreover, it is provided in Section 603, Or. L., as follows:

"Any party to any process or proceeding before or by any inferior court, officer, or tribunal may have the decision or determination thereof reviewed for errors therein, as in this chapter prescribed, and not otherwise."

The following section reads thus:

"The writ shall be allowed by the circuit court or judge thereof, or by the county court or judge of the county wherein the decision or determination sought to be reviewed was made, upon the petition of the plaintiff, describing the same with convenient certainty, and setting forth the errors alleged to have been committed therein. Such petition shall be signed by the plaintiff or his attorney, and verified by the certificate of an attorney of the court, to the effect that he has examined the process or proceeding and the decision or determination therein, and that the same is erroneous as alleged in said petition."

Under the old system embodied in the Constitution, it was said in Section 9 of Article VII that:

"All judicial power, authority, and jurisdiction not vested by this constitution, or by laws consistent therewith, exclusively in some other court, shall belong to the circuit courts; and they shall have appellate jurisdiction and supervisory control over the county courts, and all other inferior courts, officers and tribunals."

1, 2. This section has not been modified by subsequent legislation, as might have been done under Section 2–b of the same article. The Circuit Court, therefore, is not a court of inferior jurisdiction within the meaning of the statute on writ of review. This must be true because only by the Circuit Court or judge thereof, or the County Court or judge of the county, can a writ of review be allowed. The mention of *mandamus, quo warranto* and *habeas corpus* pro-

ceedings as instances in which the Supreme Court may take original jurisdiction must be held to exclude all other cases. Still further, the petition before us is not verified by the certificate of any attorney. Neither has any undertaking been filed as required by Section 606, Or. L. Moreover, Section 4100, Or. L., treating of the appeal from the decision of the Attorney General on ballot titles to the Circuit Court of Marion County, declares: "The decision of the Circuit Court shall be final."

3. The legislative power of the state had authority, and it has thus expressed it, to put a limit on the meticulous rigmarole which has been built up around the initiative and referendum system. Neither appeal nor review is an inalienable right but merely a privilege which can be exercised only in cases clearly awarding either remedy.

The motion to quash the writ is allowed and the proceeding dismissed.                       DISMISSED.

McBRIDE, C. J., and RAND and COSHOW, JJ., concur.